JOHN S. LEONARDO
United States Attorney
District of Arizona
JONATHAN B. GRANOFF
Assistant U.S. Attorney
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: jonathan.granoff@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>  Plaintiff,<br><br>vs.<br><br>Nick Jones<br><br>  Defendant. | I N D I C T M E N T<br><br>Violation: 18 U.S.C. § 1516<br><br>(Obstruction of a Federal Auditor)<br><br>CR14-1787 TUC RM(LAB) |

**THE GRAND JURY CHARGES:**

## COUNT 1

## OBSTRUCTION OF A FEDERAL AUDITOR

[18 U.S.C. § 1516]

1. At all material times to this indictment, the following facts are alleged:

   a. The defendant, NICK JONES, was the Chief Executive Officer (CEO) of a Non-Profit company (hereinafter referred to as "the Non-Profit Company") operating in Tucson, Arizona.

   b. In connection with his role as the CEO for the Non-Profit Company, the defendant applied for funding through the Department of Veterans Affairs (VA) Homeless Providers Grant and Per Diem Program (hereinafter referred to as "the Program").

   c. The VA administers the Program on behalf of the United States government. Under the Program, the VA provides grants to Non-Profit Organizations for

1  use towards the acquisition of service centers or transitional housing for homeless veterans.
2  Applicants may receive funds under the Program that may not exceed 65% of the total cost
3  of the project for which the grant was awarded. The applicants must obtain the remaining
4  35% of funding from other sources. In order to obtain funding, the applicant must
5  complete and sign an application. The applicant must certify that the information
6  contained in the application is true and correct to the best of the applicant's knowledge and
7  belief.
8            d.   The applicant must also set forth the estimated total project acquisition
9  cost and the amount of funds requested from the Program.

The Bell/Seneca Properties:

12       2.   On or about April 4, 2008, the defendant, on behalf of the Non-Profit Company,
13  submitted an application for $270,000 in funding under the Program. The purpose of the
14  grant application was to purchase properties under the Program hereinafter referred to as
15  "Bell/Seneca."
16       3.   The application, signed by the defendant, contained a warning notifying him
17  about potential criminal penalties for knowingly and willfully providing false information.
18  In signing the application, the defendant certified that the information contained within the
19  application was accurate and did not contain any false or fraudulent statement.
20       4.   On or about July 1, 2008, the defendant provided additional information to the
21  VA relating to the application for funding for Bell/Seneca. The application indicated that
22  the "Land, structure, rights of way, appraisals, etc." had a listed cost of $403,000. The
23  application also reflected that there were additional costs for renovation and closing costs
24  totaling $15,000.
25       5.   On or about September 25, 2008, the VA provided a letter addressed to the
26  defendant indicating that the VA had approved funding under the Program totaling
27  ///
28

$270,000. The letter stated that the approval was "for the acquisition of a building" located at Bell and Seneca.

6. On or about November 18, 2008, the defendant provided the VA a copy of the sales contracts for Bell/Seneca reflecting the sales price for the properties as $212,000 and $222,000 respectively.

7. On or about November 19, 2008, the defendant, on behalf of the Non-Profit Company requested the advance for funding under the Program. In this request, the total program cost was reflected as $434,000. In the request for advance for funds, the Non-Profit Company, through the defendant, requested $270,000 as originally agreed.

8. On or about November, 24 2008, the VA transferred $270,000 in grant funds under the Program to the Non-Profit Company for the purchase of Bell/Seneca.

9. On or about December 24, 2008, the Non-Profit Company purchased Bell/Seneca from PHH Bell Seneca, LLC (hereinafter "Bell/Seneca LLC").

10. The seller, Bell Seneca LLC, after deducting the amount paid on its outstanding mortgages, received approximately $156,262 in proceeds from the sale to the Non-Profit Company.

11. On or about December 30, 2008, approximately six days after the sale, the Non-Profit Company received a $50,000 check from the seller, Bell-Seneca LLC. The memo line for this check stated, "donation."

12. The HUD settlement statements for these transactions, signed by the defendant, failed to disclose that the seller provided the Non-Profit Company this $50,000 kickback after the closing.

The Independent Audit by DeVries CPA:

13. In order to continue to receive Federal funding, the Non-Profit Company was required to participate in an independent audit. The Non-Profit Company hired DeVries CPA's of Arizona, P.C. (hereinafter referred to as "DeVries"), to conduct such audit.

///

14. On or about August 7, 2009, DeVries issued its audit report for the Non-Profit Company for calendar years 2007 and 2008. DeVries concluded that the Non-Profit Company had purchased Bell/Seneca at an inflated price that was $86,000 higher than the appraised value in violation of the federal grant procedures [OMB Circular A-122, Attachment A, Section A.3]. In addition, DeVries concluded that the Non-Profit Company received advanced draw-downs before the closing date, and subsequently failed to disburse the total funds received towards the closing for the properties.

Request For Additional Information by the VA Auditor

15. On or about October 21, 2009, a Federal auditor for the VA, provided a written request to the defendant for information necessary to resolve the audit findings by DeVries. The letter requested additional information relating to the unallowable acquisition costs. The letter to the defendant was signed by the Federal Auditor acting in his official capacity.

The Defendant's Actions Following The Request For Information By the VA Auditor:

16. The defendant did, within the District of Arizona, knowingly and with the intent to deceive or defraud the United States, obstruct, impede, and endeavor to influence a Federal Auditor, in the performance of his official duties relating to a person, entity or program receiving in excess of $100,000, directly and indirectly from the United States in any one-year period under a contract or grant.

17. As part of the defendant's endeavor to unlawfully influence, obstruct, or impede a Federal Auditor, the defendant committed the following acts:

    a. On or about November 9, 2009, the defendant knowingly and intentionally caused to be submitted to the VA Auditor material false and misleading statements and representations. The defendant provided such false and misleading statements to his Chief Financial Officer (CFO) who in turn provided such information to the VA Auditor. Before providing the CFO such false and misleading information, the defendant had knowledge that the CFO would provide such information to the VA Auditor.

The material false and misleading information included the following:

    (i) that the $50,000 the Non-Profit Company received from Bell/Seneca shortly after the sale to the Non-Profit Company was a "donation" not related to the sale.

    (ii) that the Bell/Seneca appraisals were inaccurately understated because the appraisals did not include the value of an ongoing business and approval from City of Tucson to have transitional housing.

  b. On or about July 8, 2010, the defendant, did knowingly and intentionally cause to be provided additional material false and misleading information to the VA Auditor pertaining to the Bell/Seneca property. This information was also provided by the defendant through the CFO of the Non-Profit Company. The false and misleading information provided to the VA Auditor including the following:

    (i) A representation that; in addition to the Bell/Seneca properties, the Non-Profit Company purchased the value of an on-going business entity known as Bell-Seneca Transitional Housing valued at $37,500.

    (ii) A representation that the Non-Profit Company also purchased the value of laundry income for one year valued at $15,000.

    (iii) An additional representation that the $50,000 received by the Non-Profit Company from the seller of Bell/Seneca shortly after the sale was a "donation."

18. On or about November 1, 2010, the Director of the VA's Program, issued a predetermination review letter to the defendant. This letter stated that the VA Program had concluded that the Non-Profit Company had overbilled the Program funds in the amount of $73,086. This letter requested a further response from the Non-Profit Company if it did not concur with these findings.

19. As a further part of the defendant's endeavor to unlawfully influence, obstruct, or impede a Federal Auditor, the defendant committed the following act:

  a. On or about December 21, 2010, the defendant provided a written response to the VA's predetermination review letter referred to in paragraph 18 of this

indictment. Again, in this letter, the defendant falsely characterized the $50,000 kickback received from the seller of Bell/Seneca as "truly a donation." In this response, the defendant also stated that he "did not really think through the appraised value vs. the actual price because [they] felt that the property had such extra things as granite counter tops, beautiful landscape, new air conditioners, secure walls, and custom patios that it was well worth the purchase price." This letter did not mention the purchase of an ongoing business or laundry service's projected yearly income.

20. The letter dated December 21, 2010, provided by the defendant to the VA, was also reviewed by the VA auditor in his official capacity as part of his inquiry into whether the Non-Profit Company had received improper funds under the Program.

21. At the time the defendant caused to be provided the material false and misleading statements outlined in paragraphs 17 and 19 of this indictment, the defendant had knowledge that these statements were false and misleading all in violation of Title 18, United States Code, Section 1516.

A TRUE BILL

/S/
_____
FOREPERSON OF THE GRAND JURY

Date: OCT 29 2014 _____

JOHN S. LEONARDO
United States Attorney
District of Arizona

/S/
_____
Jonathan B. Granoff
Assistant U.S. Attorney

REDACTED FOR PUBLIC DISCLOSURE